STATE of Missouri, Respondent,

v.

Orlan Eugene ROSE, Appellant.

No. 46864.

Supreme Court of Missouri,

Division No. 1.

June 8, 1959.

Motion for Rehearing and for Transfer to Court En Banc Denied July 13, 1959.

No appearance for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

The defendant Rose was convicted in the Circuit Court of the City of St. Louis on a charge of robbery in the first degree by means of a dangerous and deadly weapon and a jury assessed his punishment at imprisonment in the State Penitentiary for life. The information further alleged that Rose had previously been convicted in Phoenix, Arizona, and had served a sentence in the Arizona Prison and that he had been discharged from said sentence.

Rose appealed from the sentence imposed after his motion for new trial had been overruled. He filed no brief in this court. His motion for new trial contains 22 assignments of error. We find a number of the assignments are duplications of other assignments. In those numbered 15 to 20, inclusive, Rose complains of errors with reference to instruction No. 1. A number of assignments are not supported by the record. We shall dispose of the questions preserved for review in the motion and ignore those assignments that are insufficient. Before considering the questions preserved for review, we shall make a statement of what the evidence showed to have occurred.

On the night of June 12, 1957, at about 8:30 p. m., two men entered a drugstore owned by Alexander Belko at 4147–49 South Grand Avenue, St. Louis, Missouri, and forced Belko at gun point to remove money from the cash register and give it to the man holding the revolver. After the men left the store, Belko followed the

men who had entered a car and driven away. Belko followed in a car and obtained the license number. The police were notified and after a short time, the defendant Rose, Avery Edward Parker, and Glenn Savage were arrested by police officers. The car in which they were riding was searched and some clothing belonging to the men, a loaded revolver, and some money were found therein. Defendant and Parker were identified at police headquarters as the two men who had robbed the drugstore that evening. At the trial, Belko, his wife, and an employee in the store all identified the defendant as the man who had had the revolver in the store and who had threatened to shoot Belko and his wife if they did not obey his commands.

The defendant testified and so did Parker that they were not involved in the robbery; that they were at the time of the robbery in a restaurant making long distance telephone calls to Kansas City, Missouri. They further testified that they and Savage had driven from Kansas City, Missouri, to St. Louis, Missouri, on June 12 in a car owned by defendant's brother.

■■ Rose, in one assignment, contends that the evidence of the State was impeached and conflicting and that it was so contradicted that the State failed to make a submissible case for a jury. In the motion for new trial, Rose did not state wherein the State's evidence was impeached. Of course, the State's evidence conflicted with that of the defendant and the evidence of the defendant contradicted that of the State. That is often the situation in such cases and it is for a jury to decide whether the State's evidence or that of the defendant be true. In this case, the State's evidence was ample to support the verdict.

■ Before the trial, defendant filed a motion to require the State to produce the "police report-radio log or broadcast" which contained a description of the men and the number of men in the get-away car as reported to the police by Belko. This information it is claimed was important for the purpose of impeachment of the witnesses who testified that three men were in the get-away car. Defendant says the trial court erred in refusing to require the production of the radio log. The record shows that, after much arguing by counsel, the trial court sustained the State's objection to this motion without prejudice, stating at the time:

"The Court: * * * the reason for making the ruling without prejudice being that though ordinarily such items would be inadmissible in evidence and hence there would be no reason for the issuance of such a subpoena, the Court cannot tell how the testimony may develop and in some instances such matters do become material for cross-examination purposes."

So far as we can learn from the record, the only discrepancy in the description given to the police was that Belko gave the car license number as "E 56–833" when, in fact, the number on the car wherein the defendant was riding was "E 56–830." This discrepancy was admitted. The ruling of the trial court was not prejudicial to the defendant.

■ Defendant complains that the trial court erred in informing the jury that the defendant was charged under the "Habitual Criminal Statute" for two prior convictions; that the information only set out one "prior conviction." From the record, we learn that the trial court, on voir dire examination, informed the jury that defendant stood charged with having committed robbery and that the information alleged two prior convictions. The information alleged only one. However, during the trial, the defendant, on direct examination by his own counsel, admitted that he had entered pleas of guilty to other offenses including the one set forth in the information. Defendant admitted he had served sentences in Indiana and Arizona. The statement by the court was in the cir-

cumstances not prejudicial to the defendant. Complaint is also made of the use of the term "Habitual Criminal Statute." Defendant says that Section 556.280 RSMo 1949, V.A.M.S., "refers to the statute as being a 'second offender' act." This statute has often been referred to as the "Habitual Criminal Statute" or "Habitual Criminal Act" by courts and text writers. See notes under Sections 556.280 and 556.290; 25 Am.Jur. 259; 24 C.J.S. Criminal Law § 1959b, p. 1145. There is no merit in these complaints.

■ Defendant says the trial court failed to instruct on the limited use of cross-examination concerning convictions other than the one alleged in the information. Defendant says an instruction should have been given that the evidence of prior convictions should be considered by the jury as affecting the credibility of the defendant as a witness and for no other purpose. No such cautionary instruction was requested and therefore the trial court did not err in failing so to instruct. See 23 C.J.S. Criminal Law § 1325, note 18, p. 950; State v. Headley, Mo., 18 S.W. 2d 37, loc. cit. 38, 39(2, 3). We may add that an instruction was given that the previous conviction alleged in the information, if proven, should not be considered as any evidence of defendant's guilt but should be considered only as bearing upon the question of the amount of punishment to be assessed. No complaint was made of this instruction.

■ Defendant, in his motion for new trial, claimed the trial court erred in permitting the State's attorney to cross-examine the defendant with reference to other convictions not set forth in the information. When a defendant becomes a witness, he is subject to cross-examination and any former conviction may be shown including the nature of the crime. We disposed of a similar contention in the case of State v. Reece, Mo., 324 S.W.2d 656. What was there said applies to the points made by defendant Rose. See also State

v. Ransom, 340 Mo. 165, 100 S.W.2d 294, loc. cit. 297, 298(8).

■ Defendant says that the statute, Sec. 556.280, supra, applies to persons "convicted" of an offense and does not apply in a case wherein a person entered a plea of guilty. In this case, defendant says he entered a plea of guilty in the State of Arizona on a charge of aggravated assault and therefore the statute is not applicable. The word "convicted" as used in the statute means a final determination of a person's guilt of an offense by a trial or a plea of guilty. 24 C.J.S. Criminal Law § 1556b, p. 18. There is no merit in defendant's contention.

■ Defendant's complaints about instruction No. 1 are without merit. It is claimed that there was no evidence to support a submission that defendant "did take from the person" and "in the presence" of Alexander Belko any money as claimed by the State; further, that there was no "violence" and that the court omitted in the instruction "any elements of intent, felonious intent" to deprive the owner of the money or the use thereof "without any 'honest claim to said money.'" The evidence was that Rose pointed a revolver at Belko and demanded that he take the cash from the register and give it to him (Rose); that Belko said to Rose, "Go get it." Then Rose replied, "Mister you are stalling. Get a move on, or you will get it—get it in the guts. Go get the money." Belko then took the money from the register and gave it to defendant. There was also evidence that Rose threatened to shoot Mrs. Belko if she did not stop looking at Rose. That evidence amply supported the charge that defendant did by means of a dangerous and deadly weapon make an assault and by putting Belko in fear and by force and violence took from Belko and from his presence the money Rose obtained. Instruction No. 1 submitted all of the facts necessary to constitute robbery in the first degree. It required the jury to find in addi-

tion to other facts that Rose took the money against the will of Belko "with the intent to permanently deprive the owner of the use thereof and to convert to his own use." A taking of money by such means and in such a manner is necessarily inconsistent with any honest claim thereto by the defendant. We see no merit in defendant's contention. State v. Williams, Mo., 183 S.W. 308; State v. Chernick, Mo., 303 S.W.2d 595, loc. cit. 599(4, 5).

We find that other alleged errors assigned in the motion for new trial are not supported by any occurrence in the record. We have examined the record for errors on points which need not be preserved for review and find no error therein.

The judgment is affirmed.

All concur.