**CITY OF WEBSTER GROVES, Missouri, a Municipal Corporation, Respondent,**

v.

**INSTITUTIONAL AND PUBLIC EMPLOYEES UNION, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, LOCAL 410, AFL–CIO, et al., Appellants.**

No. 58583.

Supreme Court of Missouri, Division No. 2.

Nov. 12, 1974.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, George J. Bude, Clayton, for respondent.

Charles R. Oldham, St. Louis, for appellants.

HOUSER, Commissioner.

Appeal from a judgment granting the city an injunction prohibiting certain picketing, and from a judgment denying the union members' counterclaim for the money value of allegedly earned vacation pay, punitive damages and attorneys' fees. Jurisdiction in this Court is asserted on the ground that (1) the amount in dispute exceeds $30,000, and (2) defendants "have the right under the First and Fourteenth Amendments of the Federal Constitution and Sections 8, 9, 10, 25, 29 and 31 of Article I of the Missouri Constitution, V.A.M.S. to peacefully picket on the streets and sidewalks of Webster Groves to advertise the unfair labor practices of the City."

■ From and after January 1, 1972 this Court has not had jurisdiction of appeals on the basis of the amount in dispute. The notice of appeal in this case was filed on February 8, 1974, and therefore we do not have appellate jurisdiction on that basis.

■ Nor do we have jurisdiction on the basis that this is a case "involving the construction of the Constitution of the United States or of this state," under Art. V, § 1 of the Constitution, pursuant to the amendment adopted at a special election on August 4, 1970. None of the points raised by appellants in their brief raises any issue calling for the *construction* of the constitutions. In their Point II appellants assert that as former employees (allegedly no longer employees because they had been discharged by the city) they were entitled to picket as a matter of free speech, but this assertion does not call for judicial construction of the constitutional provisions invoked. At most it calls for the possible *application* of those provisions.

Appellants cite numerous cases which have construed the constitutional grant to prohibit state action which effectively inhibits the right to convey ideas and information by picketing. They cite Ex Parte Hunn, 357 Mo. 256, 207 S.W.2d 468 (banc 1948), and Gruet Motor Car Co. v. Briner, 229 S.W.2d 259 (Mo.App.1950), for the proposition that "picketing is included in the free speech protections of the First and Fourteenth Amendments of the Federal Constitution, if the picketing is done in an orderly, peaceful and non-violent manner and is not for an unlawful purpose * * *." These are settled principles which need no interpretation or exposition by this Court in this case. The only real issue in this respect is whether, having been discharged, the union members are free to exercise these constitutional rights, as appellants contend, or whether, notwithstanding they have been discharged, the union members are deemed to be engaged in an illegal strike on the ground that they continue in the status of employees for the purpose of settlement of a labor dispute in court, as maintained by the city. Neither this issue nor any other issue raised by appellants in Point II requires the construction of the constitutional provisions invoked. All issues raised in Point II are within the jurisdiction of the court of appeals.

Accordingly, the cause is transferred to the Missouri Court of Appeals, St. Louis District.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.