**KANSAS CITY, Respondent,**

v.

**Leon BROWN, Appellant.**

**No. KCD 26677.**

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

1. Also see State v. Achter, 512 S.W.2d 894 (Mo.App.1974) and State v. Achter, 514 S.W.2d 825 (Mo.App.1974).

James A. Kushner, Mario Mandina, Legal Aid and Defender Society, Kansas City, for appellant.

James Cleary, Jr., Asst. City Prosecutor, Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of circuit court on de novo trial of appellant on three charges of violations of Kansas City ordinances, on which appellant was originally found guilty in municipal court.

An arrest of Leon Brown while operating a motor vehicle in Kansas City, Missouri, on October 23, 1972, resulted in his being charged with three violations of ordinances of that city: 1. Operation of a motor vehicle as a taxicab while not having a taxicab operator's license. 2. Operation of a motor vehicle in unsafe mechanical condition on city streets. 3. Operation of a motor vehicle for hire while not · having a chauffeur's license. Upon trial in municipal court, Brown was found guilty on the three charges. A fine of $50, with $5 cost, was imposed for the first charge, $25, with $5 cost, for the second, and $25, with $5 cost on the third.

Brown appealed to the circuit court. Rule 37.84, V.A.M.R. Upon a de novo trial to the court of the three charges simultaneously he was found guilty on the first two charges and not guilty on the third. On the first charge the court sentenced Brown to ten days' confinement at the Municipal Farm and placed him on probation for one year. On the second charge, the sentence was three days' confinement, with one year probation. The court directed that the sentences run consecutively.

Brown appealed to this court. His sole contention here is that the sentences imposed upon him in the circuit court are impermissible under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656 (1969), because such sentences imposed a more severe punishment upon his appeal than had been imposed in municipal court. (Before passing its sentence, the circuit court received a negative response from appellant to an inquiry into his ability to pay a fine. Appellant has assumed, without further demonstration, that a heavier sentence was imposed in the circuit court. This court accepts that assumption in passing on the contention advanced here.)

Determination of this cause involves application of the principles of North Carolina v. Pearce, supra, Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), and Kansas City v. Henderson, 468 S.W.2d 48 (Mo.1971), and therefore presents a question of application of those principles rather than "the construction of the Constitution of the United States" within the meaning of Section 3, Article V, Constitution of Missouri, V.A.M.S. (see City of Webster Groves v. Institutional & Public Employees Union, 515 S.W.2d 444 (Mo. 1974)).

In Kansas City v. Henderson, supra, the court rejected a claim that a more severe sentence upon trial de novo to a jury in the circuit court, upon appeal from a municipal court conviction, ran afoul of the rule laid down in Pearce. The rationale of the decision was similar to that subsequently followed by the United States Supreme Court in Chaffin v. Stynchcombe, supra.

In this case, the de novo trial was by the court, not a jury. Colten v. Kentucky, supra, provides the answer to the question here raised. Colten held that in a two-tier system of criminal courts, in which a defendant, tried and found guilty in an inferior court on a misdemeanor charge, had a right of trial de novo on appeal to a court of general criminal jurisdiction, a more severe sentence in the second court which found defendant guilty of the offense was not violative of the rule laid down in Pearce. In Colten, as here, the trial on the appeal was to the court.

Appellant would distinguish Colten on the grounds that the court in that case observed that under the Kentucky procedure: "In all likelihood, the trial de novo court is not even informed of the sentence imposed in the inferior court * * *." 407 U.S. 118, 92 S.Ct. 1961. Appellant points out that the transcript filed in the circuit court in this case clearly showed the punishment in the municipal court. However, Colten does not require ignorance of the penalty below as a condition to the application of its rule, inasmuch as the court noted in Colten that the judge who imposed the sentence on appeal had in fact been informed of the sentence below. 407 U.S. 118, Footnote 14, 92 S.Ct. 1953.

Appellant would also distinguish Colten because the Missouri system differs in two respects from two features of the Kentucky system, noted by the court: First, the city has a right of appeal and, second, the defendant cannot appeal from a sentence entered on a plea of guilty. The city's right of appeal no longer exists. Kansas City v. Bott, 509 S.W.2d 42 (Mo. banc 1974). The right of the defendant to appeal from a judgment on a plea of guilty was referred to in Colten in remarks by the court dealing with the advantages which the Kentucky system afforded the defendant. 407 U.S. 118–119, 92 S.Ct. 1953. The court in no manner indicated that such a right was essential in order to avoid application of the Pearce rule.

Colton and the subsequent Chaffin case emphasize that vindictiveness by the court fixing the second sentence is what Pearce is intended to avoid. Just as the United States Supreme Court in Colten found that the system there involved did not open the door to the vindictive possibilities sought to be avoided by the Pearce rule, the Missouri system for de novo trial on appeal of municipal court charges likewise avoids the problems which gave rise to the Pearce rule, and Colten, not Pearce, is here controlling.

Judgment affirmed.

All concur.