CITY OF KANSAS CITY, Missouri, Respondent,

v.

Donna C. REEVES, Appellant.

No. KCD 28909.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

William H. Pickett, Robert A. Simons, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Pros., Dan R. Sharp, Associate Trial Director, Kansas City, for respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged with intentionally stealing property belonging to Skaggs Drug Company (two filled prescriptions having a combined value of $5.13) in violation of Section 26.50(b), Revised Ordinances of Kansas City, Missouri, 1966, as amended.

She was found guilty as charged in the municipal court and a fine of $25.00 was imposed as punishment. Defendant appealed to the Circuit Court of Jackson County (Rule 37.78) where the charge was tried de novo (Rule 37.84). Following a bench trial, defendant was again found guilty and sentenced to thirty days imprisonment in the Municipal Corrections Institution. A timely appeal therefrom was taken by defendant to this court.

Defendant raises two points on appeal: (1) the imposition of a more severe sentence upon conviction following a trial de novo in the circuit court constituted a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States; and (2) the evidence was insufficient to support the guilty verdict.

Defendant relies on *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to support her first point. Her reliance is misplaced as *Pearce* did not involve imposition of a harsher sentence following a trial de novo in a court of general jurisdiction after an appeal from a judgment of conviction and imposition of sentence in a municipal court for violation of a city ordinance. In a two-tier trial system which affords an accused found guilty of an ordinance violation in a municipal court a right to a trial de novo on appeal to a court of general jurisdiction, *Pearce* is inapplicable and *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) controls. *Kansas City v. Brown,* 521 S.W.2d 761 (Mo.App.1975). In *Brown,* at 763, the court drew the following distinction between *Pearce* and *Colten* and *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973): "*Colten* and the subsequent *Chaffin* case emphasize that vindictiveness by the court fixing the second sentence is what *Pearce* is intended to avoid. Just as the United States Supreme Court in *Colten* found that the system there involved did not open the door to the vindictive possibilities sought to be avoided by the *Pearce* rule, the Missouri system for de novo trial on appeal of municipal court charges likewise avoids the prob-

lems which gave rise to the *Pearce* rule, and *Colten*, not *Pearce*, is here controlling." No redress for defendant is found in the first point.

■ The argument portion of defendant's brief funnels her second point into a single, narrow contention—the evidence was insufficient to prove that she intentionally stole the property in question. Evidence adduced by the city disclosed that defendant went to the prescription counter of a Skaggs Drug Company store to have three prescriptions filled. She handed the three prescriptions to the pharmacist on duty along with a "Missouri Vendor's Card" and asked the pharmacist if the prescriptions were covered "under the Vendor program". The pharmacist checked a "formulary" prepared and distributed by the Missouri Division of Social Services in order to ascertain whether the three prescriptions were "covered by the Vendor program". After checking, the pharmacist found that only one of the three prescriptions was covered and thereupon advised defendant that she would have to pay for the two prescriptions which were not covered. While the prescriptions were being filled, defendant shopped for some other items in the store. When she returned to the prescription counter the pharmacist placed the three filled prescriptions in a sack containing the notation "Please, pay cashier" and handed it to defendant. When the pharmacist did so he again advised defendant that two of the prescriptions were not covered under the "Vendor program" and that she would have to pay for them at the check-out stand. After defendant left the prescription counter the pharmacist observed her place the sack containing the prescriptions in her handbag. The pharmacist also observed that when defendant went through the check-out stand she did not pay for any of the three filled prescriptions which she had previously placed in her handbag, although she did pay for the other items which she had obtained. Defendant, testifying in her own behalf, contradicted much of the pharmacist's testimony and feigned a lack of knowledge that she was expected to pay for any of the filled prescriptions.

■ In disposing of defendant's second point, several well established principles stand out. When taking measure of the evidence to determine whether it is sufficient to sustain defendant's conviction, it is viewed in the light most favorable to the city, accepting as true all evidence and inferences to be reasonably drawn therefrom favorable to the verdict and rejecting all evidence and inferences unfavorable thereto. *Kansas City v. Waller*, 518 S.W.2d 202, 206–07 (Mo.App.1974); and *Kansas City v. Douglas*, 483 S.W.2d 760, 761 (Mo.App. 1972). Intent is rarely susceptible of being proven by direct and positive testimony and may therefore rest upon reasonable inferences drawn from the facts and circumstances surrounding the act in question. *State v. Beckemeyer*, 423 S.W.2d 687, 688 (Mo.1968); and *State v. McCreary*, 504 S.W.2d 132, 135 (Mo.App.1973). Even though different inferences are reasonably deducible from certain facts and circumstances, a permissible inference drawn by the trier of the facts should not be cast aside on appellate review. *Kansas City v. Thorpe*, 499 S.W.2d 454, 459 (Mo.1973); and *State v. Selle*, 367 S.W.2d 522, 528 (Mo. 1963). Further, it is the prerogative of the trier of the facts to disbelieve the contradictory testimony of an accused. *State v. Rose*, 325 S.W.2d 485, 487 (Mo.1959); and *State v. Turnbough*, 497 S.W.2d 856, 858 (Mo.App.1973). When the record at hand is addressed by these principles it cannot be said that the evidence was insufficient to support the guilty verdict.

Judgment affirmed.

All concur.