STATE of Missouri,
Plaintiff-Respondent,

v.

James O. ACTON, Defendant-Appellant.

No. 65422.

Supreme Court of Missouri,
En Banc.

March 20, 1984.

---

Richard C. Thomas, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Judge.

James O. Acton was convicted by the trial court of driving while intoxicated, and sentenced as a persistent offender in the course of which the court treated his guilty pleas under prior DWI statutes as "convictions" for purposes of sentence enhancement. §§ 577.010, 577.023, RSMo 1983. Appellant does not dispute the conviction but challenges the enhanced sentence by asserting that section 577.023 violates constitutional proscriptions against ex post facto laws when applied retroactively to his prior pleas. Affirmed.

Defendant pleaded guilty on two previous occasions to charges of driving while intoxicated. On each occasion, in 1975 and again in 1979, the court accepted his plea and placed him on probation without imposition of sentence. Between the time of his second and third arrests the legislature amended the DWI law to impose stiffer penalties for offenders. (See Appendix)

Section 577.023, in addition to punishing persistent offenders as felons, "reaches back" to offenders under prior statutes and treats prior pleas of guilty as "convictions" for purposes of sentence enhancement. Appellant asserts that this "reaching back" imposes consequences upon his prior pleas that were unknown to him at that time; that section 577.023 therefore deprives him of due process of law; that such retroactive application renders section 577.023 an ex post facto law; and that, in treating pleas of guilty under prior statutes as convictions, the section violates his right to equal protection of the laws. Respondent counters that the statute is constitutional in all respects because it provided notice to prior offenders as of the date of its enactment, and as with every other recidivist statute, punishes offenders not for prior offenses but for the latest offense.

Section 577.023 is a sentence enhancement provision; it increases punishment from a fine for the first offense to imprisonment for subsequent offenses. *A.B. v. Frank,* 657 S.W.2d 625, 628 (Mo. banc 1983). In general, sentence enhancement statutes withstand constitutional attacks. *See* 39 Am.Jur.2d Habitual Criminals and Subsequent Offenders, § 5 et seq. (1968). Such statutes do not punish a defendant for his prior convictions; rather they punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Thus, such statutes do not violate the proscription against double jeopardy, the right to due process or the guarantee of equal protection. *State v. Maxwell,* 411 S.W.2d 237, 239 (Mo.1967). Their validity is established, and challenges to their constitutionality should be denied summarily. *Id.* at 240.

The foregoing indicates that, as to persons convicted of multiple offenses subsequent to the enactment of section 577.023, constitutional attacks are unavailing. But appellant's prior offenses occurred when other DWI statutes were in force and his

constitutional attack therefore centers on the statute's purported attempt to impose consequences upon his prior pleas that were allegedly not attendant to them when he entered those pleas. The imposition of additional consequences upon prior conduct, he argues, renders the present statute an ex post facto law. The factual background of this case and the theory of habitual offender statutes demonstrate otherwise.

■ An ex post facto law is "one which renders an act punishable in a manner in which it was not punishable when it was committed." *Fletcher v. Peck*, 6 Cranch 87, 138, 10 U.S. 87, 138, 3 L.Ed. 162, 178 (1810). Significantly, the legislative history of recent DWI statutes indicates that at all relevant times a conviction for a third or subsequent offense was punishable as a felony. *See* § 564.440, repealed 1979; § 577.010, amended 1982; § 577.023, RSMo 1983. A person convicted under any of these statutes was therefore aware at the time of any such conviction that subsequent violations would result in punishment as a felony; and this Court recognized that a plea of guilty under the former section 564.440 constituted a "conviction" for purposes of sentence enhancement. *Trimble v. State*, 593 S.W.2d 542, 543 (Mo. banc 1980). *See also State v. Rose*, 325 S.W.2d 485, 488 (Mo.1959), holding that, under another habitual offender statute, the word "conviction" means a final determination of a person's guilt of an offense by trial or by plea of guilty. Thus, appellant's claim that he was not on notice as to the consequences of his guilty pleas is groundless. The same consequences would have attached to his earliest plea upon subsequent convictions as did attach under the new statute. The imposition of a sentence, or lack thereof, after a guilty plea is immaterial for these purposes. 24 C.J.S. Criminal Law § 1556 (1961).

From a theoretical standpoint, too, the constitutionality of the statute is apparent. When appellant pleaded guilty to his prior charges, he was deemed to have admitted to driving while intoxicated. Repeated admissions of such conduct demonstrated a propensity for driving while intoxicated. Under the statutes in effect at all relevant times, appellant's conduct provided grounds for enhanced punishment for subsequent violations. Thus, the present statute simply emphasizes that prior admitted forbidden conduct, irrespective of precise disposition, will continue to serve to enhance punishment. Without the statutory language expressly recognizing prior instances of impermissible conduct, this statute would effectively provide appellant and others similarly situated with a clean slate, and would prevent a court from considering prior instances of still-forbidden conduct in the sentencing process. The statute does nothing substantive to appellant's constitutional rights. As with other recidivist statutes, it ensures that an offender's prior and related conduct does not escape the statute's grasp; it enhances punishment based on prior conduct, not on the basis of particular prior judicial dispositions alone.

Courts in other jurisdictions have reached the same result. *Danks v. State*, 619 P.2d 720, 722 (Alaska 1980); *Sims v. Arkansas*, 262 Ark. 288, 556 S.W.2d 141, 142 (1977); *State ex rel. Van Natta v. Rising*, 262 Ind. 33, 310 N.E.2d 873, 875 (1974); *Commonwealth v. Murphy*, 389 Mass. 316, 451 N.E.2d 95, 98 (1983). And, in a virtually identical case, the Supreme Court of New Hampshire held that an appellant who had pleaded guilty under a prior DWI law and whose punishment was enhanced on the basis of that plea pursuant to a subsequent enactment was not the victim of an ex post facto law. *State v. Levey*, 122 N.H. 375, 445 A.2d 1089, 1090 (1982).

■ A court's duty in accepting a guilty plea is to determine whether the plea is voluntarily and freely made. *See* Rule 24.-02. But a court is not required to explain every technical element of an offense to a defendant who pleads guilty. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). Nor as a consequence need a court inform a defendant that the legislature may

amend the law at some future date. *State v. Levey, supra* 445 A.2d at 1090. Rule 24.02 does not contemplate such advice.

Thus, section 577.023 is in all respects constitutional. It is not an ex post facto law. Neither does it create any suspect classification of individuals that it punishes in disparate fashion. It reflects the legislature's intention to remedy a condition perceived to be dangerous to the public safety.

The judgment is affirmed.

All concur.

#### APPENDIX

*577.010. Driving while intoxicated.*—1. A person commits the crime of *"driving while intoxicated"* if he operates a motor vehicle while in an intoxicated or drugged condition.

2. Driving while intoxicated is for the first offense, a class B misdemeanor. No person convicted of or pleading guilty to the offense of driving while intoxicated shall be granted a suspended imposition of sentence for such offense, unless such person shall be placed on probation for a minimum of two years.

*577.023. Definitions of prior offender, persistent offender, intoxication-related traffic offense—guilty, prior or persistent offenders, penalties—imprisonment requirements—establishing defendant as prior or persistent offender, grounds—procedure—conviction of city or county ordinances, effect.*—1. For purposes of this section, unless the context clearly indicates otherwise:

(1) An *"intoxication-related traffic offense"* is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law;

(2) A *"persistent offender"* is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxi-

cation-related traffic offense conviction; and

\*    \*    \*

3. Any person who pleads guilty to or is found guilty of a violation of section 577.-010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony. No court shall suspend the imposition of sentence as to such person nor sentence such person to pay a fine in lieu of a term of imprisonment, section 557.011, RSMo, to the contrary notwithstanding.