STATE of Missouri, Respondent,

v.

Bussie WILLIAMS, Appellant.

No. WD 36103.

Missouri Court of Appeals,
Western District.

April 16, 1985.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled and
Denied May 28, 1985.

Application to Transfer
Denied Aug. 7, 1985.

Mark V. Clark, Columbia, for appellant.

Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and SOMERVILLE and KENNEDY, JJ.

CLARK, Presiding Judge.

Appellant was convicted in a jury trial of the offense of driving while intoxicated, § 577.010, RSMo.Supp.1984, and was sentenced as a persistent offender to a term of five years. The sufficiency of the proof to sustain conviction for the offense is not challenged. Appellant does contend in the issue presented here that the court erred in the enhancement of punishment and in treating the conviction as for a class D felony. Affirmed.

According to the evidence, on February 23, 1984, Williams was found seated behind the steering wheel of an automobile with the engine running. The car was in a ditch at a point on I–70 highway in Columbia near Highway 63. When Williams stepped from the car, he was observed by the ar-

resting officer to stagger. The odor of alcohol was moderate and Williams' eyes were bloodshot. He was placed under arrest, was taken to the police station and a breathalyzer test showed a blood alcohol content of .23%.

Prior to, submission of the case to the jury, the trial court made certain findings relative to appellant's status as a previous offender. In particular, based on certified copies of conviction records, the court found that appellant had been convicted in the circuit court of Audrain County September 6, 1977 of driving while intoxicated and on July 13, 1983, he had been convicted of a similar charge in the circuit court of Boone County. Based on these two previous convictions, the court found appellant to be a persistent offender within the meaning of § 577.023, RSMo.Supp.1984 and subject to punishment within the range provided for a class D felony. Sentence was ultimately pronounced by the court accordingly.

In his first point on appeal, Williams claims the court misconstrued and misapplied the above cited statute in holding that enhancement of punishment for a successive conviction on a charge of driving while intoxicated applies to the third such conviction. The statute reads as follows:

"A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction" Section 577.023.1(2), RSMo.Supp. 1984.

According to appellant, a defendant becomes subject to felony punishment as a persistent intoxication-related traffic offender only when the current charge is in addition to two or more earlier convictions *and* a previous offense conviction, all within ten years from the earliest to the latest date. By this reckoning, it is the fourth offense rather than the third which subjects the offender to enhanced punishment.

No decision from Missouri appellate courts construing this statute in this partic-

ular has been cited by the parties or found. Two recent cases, however, reach results which are consistent only with the assumption that it is the third offense, rather than the fourth, in the series of intoxication convictions which subjects the offender to felony grade punishment.

In *State v. Acton*, 665 S.W.2d 618 (Mo. banc 1984), the defendant had two prior intoxication related traffic convictions. The current charge was the third separate offense within ten years. The trial court convicted Acton and sentenced him as a persistent offender under § 577.023. On appeal, Acton contended that use of the prior convictions under the 1983 statute constituted ex post facto implementation of the subsequent law not in effect when the offenses were committed and violated double jeopardy, due process and equal protection guarantees. The court rejected the constitutional challenge and in the process, commented that even before the 1983 amendment, a third DWI offense was punishable as a felony.

"Significantly, the legislative history of recent DWI statutes indicates that at all relevant times a conviction for a third or subsequent offense was punishable as a felony. *See* § 564.440, repealed 1979; § 577.010, amended 1982; § 577.023, RSMo.1983." *Acton*, 665 S.W.2d at 620.

In *State v. Newkirk*, 677 S.W.2d 905 (Mo.App.1984), the current DWI offense occurred July 31, 1982 and the plea of guilty was entered March 21, 1983. Sentence was not pronounced until November 21, 1983 at which time, the 1983 amendment to § 577.023 had become effective. Under the previous statute, § 564.440, RSMo.1969, the ten year limitation on "reaching back" to take account of prior convictions was not in place. Newkirk had two prior convictions, one in June, 1969 and the second in November, 1971. The question in the case was whether Newkirk was entitled to the more lenient provisions of the 1982 and 1983 acts, which would not take account of the 1969 and 1971 convictions, or whether the statute in force when the offense was committed would control.

The court held, on well settled authority, that Newkirk was entitled to the mitigating effect of the subsequent change in the law. Again, there was the underlying assumption in the case that it was the third DWI offense and not the fourth which effected a potential for punishment enhancement, whichever of the successive statutes on the subject applied.

■ In addition to the inference drawn from the above cited cases, a further ground exists to construe the language of § 577.023.1(2), RSMo.Supp.1984 as designating the third intoxication offense to be the event which triggers felony grade punishment. The first rule of statutory construction is to give effect to the intent of the legislature. A statute is to be given that interpretation which corresponds with the legislative objective and, where necessary, the strict letter of the statute must yield to the manifest intent of the legislature. *BCI Corp. v. Charlebois Const. Co.,* 673 S.W.2d 774, 780 (Mo. banc 1984).

In prior versions of the persistent offender punishment statutes related to driving while intoxicated offenses, it has consistently been the policy as declared by the legislature to impose punishment escalation on the occasion of the third offense. The opinion in *State v. Acton, supra,* includes this same observation. Were appellant's interpretation of the present statute to be accepted, such would necessarily require the conclusion that by adopting the 1983 act, it was the intention of the legislature to reverse its long standing policy and extend leniency to third offenders. Such a change in policy is not evident from any direct expression by the legislature nor does appellant cite to the court any legislative history, committee reports or other confirmation that the course of past legislative policy was deliberately altered. The only ground for the result advocated by appellant is his argument that the "two or more intoxication-related traffic offenses" and the "previous intoxication-related traffic offense" described in the statute are all in the past tense suggesting that they must be offenses which preceded the current charge.

It must be conceded that the language of the present section is less clear than the provisions of the former enactments and that the interpretation advocated by appellant is at least arguable. In view of the legislative history, however, and the implied pronouncement by the Supreme Court in *State v. Acton, supra,* we conclude, for all the reasons discussed, that the statute does require a third conviction of DWI within ten years to be classified as a felony. Appellant has no cause to complain that his sentence imposed upon him as a persistent offender exceeded the permissible punishment range.

■ In his second point, appellant contends that the record introduced to prove his prior DWI conviction under date of September 6, 1977 was not competent evidence because the style of the case was *State v. Bussis Williams.* He says it was not therefore shown beyond a reasonable doubt that he was one and the same person as the defendant convicted in that case.

The trial court was directed to this discrepancy in first names at the time the exhibit was offered. The exhibit was received and appellant's objection was overruled because the same document in the certification section referred to the defendant as *Bussie.* The trial judge was apparently convinced that the discrepancy was a typographical error. We agree and deny the point of error.

The judgment is affirmed.

All concur.