Dear Mr. Paden:
This opinion letter is in response to your questions pertaining to the applicability of Sections 263.245 and 263.247, RSMo Supp. 1988, to township organization counties, particularly the county of DeKalb. You further describe the problem as follows:
 The problem arises with the interpretation of Section 231.150 et seq dealing with township organization counties such as DeKalb, Daviess, Gentry Harrison, and the presumed responsibility for the maintenance of roads with a township special road district as created by Section 233.320 et seq, all of which have been done in this county to create special road districts contiguous with the boundaries of each of the nine townships.
 Your attention is particularly called to Section 233.340, Paragraph 3, as relates to the special road districts, which gives the commissioners of said special road districts "sole, exclusive and entire control and jurisdiction over all public highways, bridges and culverts within the district to construct, improve and repair such highways, bridges and culverts _________."
 It has therefore been my opinion for a number of years that a township organization county, having created special road districts which are contiguous with the boundaries of each township, has no such thing as "County Roads".
* * *
 The County Clerk's office advises that in 263.245 that there is very little property in the county designated as county right-of-way, or that the county has a maintenance easement over.
 The end question is, does the term "County Roads" as applied in Chapter 263 have any real meaning? If the county (which has voted approval under 263.247) complies with sub-paragraph 3 of 263.245, will they actually be able to collect the cost of brush removal as set forth in sub-paragraph 2 of the same section?
A copy of Sections 263.245 and 263.247, RSMo Supp. 1988, is attached hereto as Appendix I. Section 263.245.1 provides that landowners in certain specified counties having a township form of government "shall eradicate all brush growing on such owner's property that is designated as the county right-of-way or county maintenance easement part of such owner's property and which is adjacent to any county road." Section 263.245.2 provides in part:
 The county commission, either upon its own motion, or upon receipt of a written notice requesting the action from any residents of the township in which the county road bordering the lands in question is located or upon written request of any person regularly using the county road, may eradicate such brush so as to allow easy access to the land described in subsection 1 of this section. . . .
The term "county road" is not defined in Section 263.245 or Section 263.247. Since there appears to be no controlling state statutes or cases which define "county road" for purposes of Sections 263.245 and 263.247, the term "county road" should be construed to give effect to the apparent intent of the legislature. A statute is to be given that interpretation which corresponds with the legislative objective and, where necessary, the strict letter of the statute must yield to the manifest intent of the legislature. State v. Williams, 693 S.W.2d 125
(Mo.App. 1985). BCI Corporation v. CharleboisConstruction Co., 673 S.W.2d 774 (Mo. banc 1984).
The apparent intent of the legislature in enacting Sections263.245 and 263.247 is to allow the voters of the counties described in Section 263.245.1 to vote on whether they want to require those owning property along county roads to eradicate the brush growing on the "county right-of-way" or "county maintenance easement" and to give the county commission the authority to remove such brush and impose a lien on such property for the cost of such brush removal. Given the legislature's apparent intent, and the absence of a definition of "county road" in Sections 263.245 and 263.247, "county road" for purposes of Sections 263.245 and 263.247 should be defined to include any public road lying within a county's boundaries that is not otherwise under the authority of a political entity such as the state or an incorporated city, town, or village.
Thus, even though all of DeKalb County may rest within one of the special road districts created pursuant to Section233.320, RSMo 1986, DeKalb County could still have "county roads" within the meaning of Sections 263.245 and 263.247. This would be true even though the special road district commissioners would have exclusive and entire control over all public highways, bridges, and culverts within the district pursuant to Section 233.340.3, RSMo 1986.
It is the opinion of this office that there are "county roads" in DeKalb County for purposes of Sections 263.245 and263.247, RSMo Supp. 1988, even though such roads may lie within a special road district.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
 APPENDIX I
DESTRUCTION OF WEEDS
 Sec. 263.245. Brush adjacent to county roads to be removed, certain counties — county commission may remove brush, when, procedures (Daviess, DeKalb, Gentry and Harrison counties).
 263.247. Brush removal, county option (Daviess, DeKalb, Gentry and Harrison counties).
DESTRUCTION OF WEEDS
 263.245. Brush adjacent to county roads, to be removed, certain counties — county commission may remove brush, when, procedures (Daviess, DeKalb, Gentry and Harrison counties). — 1. All owners of land in any county with a township form of government, located north of the Missouri River and having no portion of the county located east of U.S. Highway 65, with a population of less than fifteen thousand inhabitants and having as its county seat a city with greater than one thousand inhabitants, shall eradicate all brush growing on such owner's property that is designated as the county right-of-way or county maintenance easement part of such owner's property and which is adjacent to any county road. Such brush shall be cut, burned or otherwise destroyed as often as necessary in order to keep such lands accessible for purposes of maintenance and safety of the county road.
 2. The county commission, either upon its own motion, or upon receipt of a written notice requesting the action from any residents of the township in which the county road bordering the lands in question is located or upon written request of any person regularly using the county road, may eradicate such brush so as to allow easy access to the land described in subsection 1 of this section, and for that purpose the county commission, or its agents, servants, or employees shall have authority to enter on such lands without being liable to an action of trespass therefor, and shall keep an accurate account of the expenses incurred in eradicating the brush, and shall verify such statement under seal of the county commission, and transmit the same to the officer whose duty it is or may be to extend state and county taxes on tax books or bills against real estate. Such officer shall extend the aggregate expenses so charged against each tract of land as a special tax, which shall then become a lien on such lands, and be collected as state and county taxes are collected by law and paid to the county commission and credited to the county eradication fund.
 3. Before proceeding to eradicate brush as provided in this section, the county commission of the county in which the land is located, shall notify the owner of the land of the requirements of this law by certified mail, return receipt requested, from a list supplied by the officer who prepares the tax list, and shall allow the owner of the land thirty days from acknowledgement date of return receipt, or date of refusal of acceptance of delivery as the case may be, to eradicate all such brush growing on land designated as the county right-of-way or county maintenance easement part of such owner's land and which is adjacent to the county road. In the event that the property owner cannot be located by certified mail, notice shall be placed in a newspaper of general circulation in the county in which the land is located at least thirty days before the county commission removes the brush pursuant to subsection 2 of this section. Such property owner shall be granted an automatic thirty-day extension due to hardship by notifying the county commission that such owner cannot comply with the requirements of this section, due to hardship, within the first thirty-day period. The property owner may be granted a second extension by a majority vote of the county commission. There shall be no further extensions. For the purposes of this subsection, "hardship" may be financial, physical or any other condition that the county-commission deems to be a valid reason to allow an extension of time to comply with the requirements of this section.
 4. County commissions shall not withhold rock, which is provided from funds from the county aid road trust fund, for maintaining county roads due to the abutting property owner's refusal to remove brush located on land designated as the county right-of-way or county maintenance easement part of such owner's land. County commissions shall use such rock on the county roads, even though the brush is not removed or county commissions may resort to the procedures in this section to remove the brush.
(L. 1987 H.B. 734 § 1)
 263.247. Brush removal, county option (Daviess, DeKalb, Gentry and Harrison counties). — 1. Section 263.245 shall become effective only in those counties described in subsection 1 of section 263.245 in which the governing body of the county submits to the voters of the county, at a regularly scheduled countywide election, a proposal to implement the provisions of section 263.245. The governing body of the county shall give notice of the election by publication in a newspaper of general circulation in the county for two consecutive weeks, the last insert of which shall be within ten days of the election.
 2. The ballot of submission shall include, but not be limited to, the following language:
 Shall the county of ____________________ enforce brush removal (County's name) adjacent to county roads.
 __ __ Yes __ __ No
 If you are in favor of the question, place an "X" in the box opposite "Yes". If you are opposed to the question, place an "X" in the box opposite "No"
 3. If a majority of the votes cast at the election are in favor of such proposal, section 263.245 shall become effective in that county. If a majority of the votes cast at the election are opposed to such proposal, section 263.245
shall not become effective in that county.
(L. 1987 H.B. 734 § 2)