**STATE of Missouri,**

v.

**Roger J. ZIRFAS and Eugene E. Elsrode, Defendants/Respondents,**

and

**Federal Insurance Company, Plaintiff/Appellant.**

**Nos. WD 44285,. WD 44286.**

Missouri Court of Appeals, Western District.

Dec. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1992.

Donald M. McLean and John M. Cave, II, Kirwan, Altergott & Cave, Kansas City, for plaintiff/appellant.

Larry A. Schaffer, Independence, Catheryn B. Starke, Blue Springs, for defendants/respondents.

1. All sectional references are to RSMo 1986, unless otherwise indicated.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

Federal Insurance Company filed a petition for reparation under § 546.630, RSMo 1986,[1] against Roger Zirfas and Eugene Elsrode. The court denied reparation and Federal has appealed. The question to be resolved is whether or not a suspended imposition of sentence is a conviction within the meaning of that term as used in § 546.630. Affirmed.

Zirfas and Elsrode were charged with felony stealing, § 570.030. The two entered pleas of guilty and the court suspended imposition of sentence and placed each on probation for a period of five years.

The stealing occurred when Zirfas and Elsrode entered into a scheme to steal from Elsrode's employer, Howard, Needles, Tammen & Bergendoff. Elsrode gave Zirfas phoney purchase orders and Zirfas in return gave Elsrode a check for 60% of the amount of the purchase order. Elsrode sent an invoice to Howard, Needles for the full amount and the invoices were paid to Zirfas. No products were ever delivered under the invoices and the scheme was purely for the purpose of stealing from Howard, Needles.

Prior to the guilty pleas being entered, Federal filed a petition against Zirfas and Elsrode under § 546.630 for reparation.[2] The court denied recovery.

Section 546.630 provides:

In all cases of conviction of felony, the party convicted shall restore the property stolen or destroyed, or make reparation in damages therefor. The court in which such conviction may be had, if applied to at the same term in which the sentence was pronounced, by petition, verified by affidavit, may order restitution or give judgment against the convict for reparation in damages, and enforce the collection of the same by execution or other process.

2. Federal insured Howard, Needles and sued as the assignee of Howard, Needles.

Zirfas and Elsrode contend that they have not been convicted of a felony because the court suspended imposition of sentence and therefore there is no final judgment which would constitute a conviction.

The question of the meaning and implication of a suspended imposition of sentence in relation to use of the term conviction in a statute was addressed by this court in *Meyer v. Missouri Real Estate Commission,* 238 Mo.App. 476, 183 S.W.2d 342 (1944). There, this court considered whether a real estate broker, who pleaded nolo contendere and the court suspended imposition of sentence, had been convicted of a crime within the meaning of the law which would allow his real estate license to be suspended or revoked upon conviction of any of the crimes enumerated in the statute. This court noted that the term "conviction" has more than one meaning and the implications of the use of the term are to be determined from its usage in a particular statute. *Id.* 183 S.W.2d at 343. This court stated that the technical common law meaning, when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him. The court noted that the term may be, and frequently is, used in a more comprehensive sense to include the judgment of the court upon the verdict or confession of guilt. *Id.* This court quoted from *People v. Fabian,* 192 N.Y. 443, 85 N.E. 672, 674 (1908), that:

> 'where disabilities, disqualifications, and forfeitures are to follow upon a conviction, in the eye of the law, it is that condition which is evidenced by sentence and judgment, and that where sentence is suspended, and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed.'

*Id.* 183 S.W.2d at 345.

The reasoning in *Meyer* addresses the precise issue in this case of whether or not a suspended imposition of sentence constitutes a conviction. Section 546.630 requires a conviction of a felony before a judgment for reparation can be entered.

*Meyer* held that a suspended imposition of sentence does not constitute a judgment of conviction which would authorize the imposition of a punitive consequence in a collateral proceeding such as the one sub judice. *Meyer* rules the question presented here.

This court has affirmed *Meyer* in *Warren v. Director, Missouri Division of Health,* 565 S.W.2d 740 (Mo.App.1978), and in *Simon v. Missouri State Bd. of Pharmacy,* 570 S.W.2d 334 (Mo.App.1978).

Federal cites only one case *State v. Acton,* 665 S.W.2d 618 (Mo. banc 1984). *Acton* considered a constitutional challenge to a statute which required an enhancement of punishment for prior offenses when the prior offenses were committed prior to the commission of the offense being considered. The enhancement statute involved there was § 577.010, RSMo 1983, which defined a persistent offender as one who had pleaded guilty or who had been found guilty of two or more intoxication-related traffic offenses. The court did not reach or decide the question presented of whether a suspended imposition of sentence results in a conviction. Thus, *Acton* is not authority contrary to the result reached herein.

In *State v. Lynch,* 679 S.W.2d 858 (Mo. banc 1984), the court held that a judgment of guilty followed by suspension of imposition of sentence did not constitute a final judgment from which an appeal could be taken. *Id.* at 860[3]. The court noted that the legislature has provided in some statutes that a conviction is not necessary and that a plea of guilty or finding of guilty has been substituted for the term "conviction." *Id.* at 861. For instance, the court noted that in § 491.050 the legislature has provided that pleas of guilty, pleas of nolo contendere and findings of guilty may be proved to affect the credibility of a witness. Prior to the amendment the statute simply provided that any prior criminal conviction could be proved to affect credibility. Likewise, the court in *Lynch* noted that § 558.016, in defining prior, persistent and dangerous offender, had been amended to cover the situation in which a person had pleaded guilty to a felony. Also § 565.-

032.1(3) has been amended to provide that pleas and findings of guilty and pleas of nolo contendere may be shown as mitigating or aggravating circumstances in first degree murder cases.

The amendments referred to above made by the legislature to specifically refer to pleas of guilty and findings of guilty or pleas of nolo contendere are obviously intended to avoid the questions that arise when only the term "conviction" is used in a statute. Under *Meyer*, it is clear that a conviction does not result until judgment and sentence are pronounced when the word conviction is used as a predicate for punitive action in a collateral proceeding. When the court ordered a suspended imposition of sentence, a judgment and sentence has not been entered and such action by the court did not result in a conviction as that term is used in § 546.630.

While the legislature has provided in the instances mentioned above that pleas of guilty and findings of guilty or pleas of nolo contendere may be considered instead of or in addition to convictions, the legislature has not seen fit to amend § 546.630. That section still requires a conviction before the court may enter judgment in reparation. As held in *Meyer*, a conviction did not result here when there was a suspended imposition of sentence following a plea of guilty. Because it cannot be shown in this case that Zirfas and Elsrode suffered a conviction, the court properly denied the petition for reparation.

This result is buttressed by the plain language of § 546.630 which states in part "at the same term in which the sentence was pronounced ... may ... give judgment against the convict for reparation in damages...."[3] Here, sentence was not pronounced because imposition was suspended. Thus, Federal could not show that Zirfas and Elsrode had been sentenced and thus could not meet one of the requirements of the statute.

The judgment is affirmed.

SHANGLER, J. concurs.

LOWENSTEIN, C.J., concurs in separate concurring opinion.

LOWENSTEIN, Judge, concurring.

This court has no choice but to affirm the judgment despite the knowing entry of guilty pleas of these two men. They are saved of a judgment ordering restitution, § 546.630 and having a lien on their estates, § 546.640, only because the statutory language does not contemplate recovery of ill-gotten gains when sentence is suspended. Where there is no sentence and therefore no final conviction there can be no restitution, and no lien may be enforced. *Holker v. Hennessey*, 141 Mo. 527, 42 S.W. 1090, 1095 (Mo.1897).

Sections 546.630 and .640 should be amended to allow a trial judge to order restitution where sentence is suspended. This is especially so where there is no question of the defendant's guilt and the defendant is allowed to avoid incarceration and being branded a felon.

It is not however within the court's province to afford restitution under these facts which call for restitution.

> Judicial dissatisfaction with a statutory scheme is not a sufficient reason to ignore or distort plain legislative intent; the remedy, if any, lies with the General Assembly and not with the courts.

*Springfield General Osteopathic Hospital v. Industrial Commission*, 538 S.W.2d 364, 371 (Mo.App.1976).

If restitution as opposed to incarceration is to be encouraged, this would be a good place to start. The general assembly should be urged to enact the supporting legislation.

---

**3.** Under § 506.060.3 the limitation that the court may enter judgment at the same term is abrogated so that the court may enter judgment unfettered by any term constraint. However, the statute still requires that sentence be pronounced, or in other words, imposed.