A.B., an individual, Respondent,

v.

Honorable Michael M. FRANK, et al., Appellants.

No. 64691.

Supreme Court of Missouri,
En Banc.

Sept. 20, 1983.

---

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for appellants.

· Mark D. Mittleman, Frank J. Kaveney, Clayton, for respondent.

RENDLEN, Chief Justice.

Charged with violating a Town and Country municipal ordinance prohibiting driving while intoxicated, respondent petitioned the Circuit Court of St. Louis County for declaratory and injunctive relief,[1] challenging the validity of Missouri's drunk driving law, § 577.023 RSMo Supp.1982.[2]

---

1. No point is raised by either party challenging the suit for equitable relief by way of injunction vis-a-vis an extraordinary legal remedy (e.g. prohibition) as the appropriate procedural vehicle in this case.

2. The statute provides for enhancement of penalty to a term of imprisonment for second and subsequent offenses. The segment of the statute germane to this appeal is § 577.023.2, which in part states:

    A conviction of a violation of a *municipal or county ordinance in a county or municipal*

The Municipal Judge of Town and Country and the State of Missouri were named as defendants. Because of the allegation of the statute's invalidity the Attorney General intervened as party defendant.

The Circuit Court ruled that:

1. The statute is unconstitutional because it chills the exercise of plaintiff's right to counsel by increasing the penalty for second and subsequent convictions *in which defendant was represented by counsel*, but does not increase the penalty if defendant was convicted after defending *pro se.*

2. The statute is an unconstitutional deprivation of due process in that it treats prior convictions of municipal ordinances prohibiting driving while intoxicated as equivalent to criminal offenses for the purpose of enhancing the penalty for violations of Section 577.023.

3. The statute is unconstitutional in that it denies equal protection to those convicted of municipal drunk driving ordinances by treating them differently from persons convicted of any other kind of municipal ordinance violation for purposes of future enhancement of criminal penalties.

■ Although these constitutional challenges may have merit, this appeal will be rendered moot after September 28, 1983 by Senate Bills 318 and 135,[3] which amend § 557.023. In contradistinction to the constitutional prohibition against the enforcement of ex post facto laws, U.S. Const. Art. I, § 10, and Mo. Const. Art. I, § 13, we are able to apply the amended statute to this case in which trial on the merits has not occurred because it effects a change that mitigates the penalty for violation of the statute rather than increasing it. *See Dob-*

*bert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1976), *reh. denied,* 434 U.S. 882, 98 S.Ct. 246, 54 L.Ed.2d 166 (1977). Furthermore, this Court has previously deemed it imprudent "to decide important constitutional questions in a case decided under a repealed law purportedly pursuant to earlier case authority which is no longer fully applicable ... because of the change in the statutory law of this state." *Williams v. Williams,* 510 S.W.2d 452, 455 (Mo. banc 1974). And although "the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if [a] provision has not been repealed or amended ..., if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." § 1.160 RSMo 1978.

■ Newly revised § 577.023[4] dispenses with the distinction between counselled and uncounselled municipal convictions. Hence, it can no longer be said defendant's constitutional right to counsel is chilled; instead he is free to obtain representation at a hearing in the municipal court without concern that a conviction following a counselled defense will be treated more prejudicially than would an uncounselled defense in a subsequent drunk driving proceeding.

■ The revised statute also alters the weight given to municipal ordinance violations in subsequent proceedings, thereby rendering moot appellant's second and third points. The statute declares that a person who pleads guilty or is found guilty of a violation of § 577.010 (Driving while intoxicated) or § 577.012 (Driving with excessive blood alcohol content) shall be guilty of a class A misdemeanor if proved to be a "prior offender," or shall be guilty of a class D felony if proved to be a "persistent offend-

---

*court for driving while intoxicated where the defendant was represented by counsel or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.* (Emphasis added.)

3. 82nd G.S., effective September 28, 1983, amending § 577.023, RSMo Supp.1982 and for purposes of this opinion we can assume the cause will not proceed to trial in the court below prior to that date.

4. Hereinafter, unless otherwise noted, references to § 577.023 are to the statute as amended, effective September 28, 1983.

er." §§ 577.023.2 and .3. No court is permitted to suspend sentence nor to impose a fine in lieu of imprisonment for either a prior or a persistent offender. *Id.* However, the statute defines a "prior offender" as "one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction, § 577.023.1(1), while a "persistent offender" is "one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related offense conviction." § 577.023.1(2). But the statute defines "intoxication-related traffic offense" as "driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of *state law*" (emphasis added). Because the legislature has chosen to base § 577.023 on prior violations of *state* law, but has omitted violations of municipal or county ordinances from the scope of its coverage, one cannot be convicted as a prior or persistent offender under the revised statute on the basis of municipal or county convictions for drunken driving. Thus respondent need no longer be apprehensive that a municipal conviction will later prejudice his position should he be arrested and convicted of a violation under § 577.023.

Troublesome, however, is subsection 13 of the soon to become effective § 577.023 which states:

A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated ... shall be treated as a prior conviction; except that no conviction of a municipal or county ordinance in a municipal or county court may be used to enhance a

term of imprisonment in any subsequent proceeding.

It shall be noted that the new statute § 577.023 provides only for imprisonment not for a fine. The very nature of this statute is one of enhancement from a penalty of a fine for the first offense to one of imprisonment for subsequent offenses. Yet the first portion of the section cited above (i.e. through the words "shall be treated as a prior conviction") seems inherently inconsistent with the final clause, which provides, "except that no conviction of a municipal or county ordinance in a municipal or county court may be used to enhance a term of imprisonment in any subsequent proceeding." This final clause of subsection 13, for the purpose here, is construed to eliminate municipal and county convictions from consideration in determining prior or persistent offender status, and therefore from consideration in enhancing the penalty from a fine to one of imprisonment.[5]

It is the responsibility of courts, when construing statutes, to ascertain the legislature's intent in enacting the measure and to give effect to the plain language of a statute viewed as a whole. *Eminence R–1 School District v. Hodge,* 635 S.W.2d 10, 13 (Mo.1982); *Staley v. Missouri Director of Revenue,* 623 S.W.2d 246, 248 (Mo. banc 1981). Clearly, the purpose of this Prior/Persistent Offender statute is to deter persons who have previously been convicted of driving while intoxicated from repeating their unlawful acts and to severely punish those who ignore the deterrent message.

Although "[a]ll provisions of a statute must be harmonized and every word, clause, sentence and section thereof must be given some meaning," *Staley v. Missouri Director of Revenue,* 623 S.W.2d at 250, *citing City of Willow Springs v. Missouri State Librari-*

---

**5.** A recent Attorney General Opinion (No. 132–83, September 6, 1983), accords with this view by stating:

subsection 13 prohibits the use of county or municipal ordinance violations to enhance a term of imprisonment. The entire focus of Section 577.023 is on a violation of Sections 577.010 or 577.012 [which are crimes against the state and not violations of city or county

ordinances]. For this reason, and because Section 577.023.10 expressly contemplates the state and not the county or a municipality being heard at the sentencing hearing, we believe that the proceedings to which Section 577.023 applies are proceedings in a state court in which a person is charged with a violation of Sections 577.010 and 577.012.

an, 596 S.W.2d 441 (Mo. banc 1980), the provisions of subsection 13 are for, the purposes here involved, internally discordant. Yet it is possible to effectuate the underlying legislative intent of the statute by construing the statute to exclude municipal convictions from consideration for enhancement under § 577.023. This construction also preserves the statute from the due process and equal protection attacks of the sort levied by respondent.

The judgment heretofore granted by the Circuit Court is reversed and the cause remanded to the Circuit Court with directions to enter an appropriate order dissolving its injunction.

HIGGINS, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., and HOUSER, Senior Justice, concur.

WELLIVER, J., not sitting.