Dear Representative Cagle:
This opinion letter is in response to your questions asking:
 Do "professional services" consisting of "the performance of engineering studies and analysis" concerning a specific utility system in Missouri, which services are sought by a state agency, constitute "practice as a professional engineer" as that term is defined in Section 327.181, RSMo; and would Section 327.191, RSMo, require that such services be rendered by an engineer or engineering firm licensed by the Missouri Board for Architects, Engineers and Land Surveyors?
 And should such professional services be procured through the procedure set forth in Sections 8.285 through 8.291, RSMo, or through the bid procedure contained in Section 34.040, RSMo?
You have informed us that the Division of Purchasing of the Office of Administration issued a Request for Proposal No. B90514 seeking procurement on behalf of the Missouri Public Service Commission of professional services for engineering studies and analyses and expert testimony involving the Grand Avenue Steam Production Plant and high pressure steam distribution systems of Kansas City Power and Light Company. You have further informed us that the Division of Purchasing utilized the bid procedure set forth in Chapter 34, RSMo, and that the Public Service Commission did not follow the provisions in Sections 8.285 through 8.291, RSMo 1986.
Your first question asks whether the providing of professional services consisting of the performance of engineering studies and analyses constitutes practice as a professional engineer. The provisions of Chapter 327, RSMo require that anyone rendering or offering to render engineering services must be an engineer or engineering firm licensed by the Missouri Board for Architects, Professional Engineers and Land Surveyors. Section 327.181, RSMo 1986, provides:
 Any person practices in Missouri as a professional engineer who renders or offers to render or holds himself out as willing or able to render any service or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning and design of engineering works and systems, engineering teaching of advanced engineering subjects or courses related thereto, engineering surveys, and the inspection of construction for the purpose of assuring compliance with drawings and specifications, any of which embraces such service or work either public or private, in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, or projects and including such architectural work as is incidental to the practice of engineering; or who uses the title "professional engineer" or "consulting engineer" or the word "engineer" alone or preceded by any word indicating or implying that such person is or holds himself out to be a professional engineer, or who shall use any word or words, letters, figures, degrees, titles or other description indicating or implying that such person is a professional engineer or is willing or able to practice engineering.
We believe that the undertaking of professional services such as the performance of engineering studies and analyses would fall within the plain meaning of Section 327.181. The plain meaning of the statutory language is to be given effect whenever possible. State ex rel. D. M. v. Hoester,681 S.W.2d 449, 450 (Mo. banc 1984). Moreover, legislative intent must be ascertained by giving effect to the plain language of the statute when viewed as a whole. A. B. v. Frank,657 S.W.2d 625, 628 (Mo. banc 1983).
It is clear that the services sought in the bid proposal included:
 [S]ervice or creative work, the adequate performance of which requires engineering education, training, and experience in the application of special knowledge of the mathematical, physical, and engineering sciences to such services or creative work as consultation, investigation, evaluation, planning and design of engineering works and systems, . . . engineering surveys, . . . in connection with any utilities, structures, buildings, machines, equipment, processes, work systems, or projects. . . .
Moreover, the use of the term "engineering studies" is limited to those individuals who are licensed by the Missouri Board. Section 327.181 defines the practice of engineering to include the use of the title professional engineer or consulting engineer or the word engineer alone or preceded by any word indicating or implying that such person is or holds himself out to be a professional engineer, or who shall use any word or words, letters, figures, degrees, titles, or other description indicating or implying that such person is a professional engineer or is willing or able to practice engineering. Therefore, it is our opinion that the professional services described must be provided by an engineer or engineering firm licensed by the Missouri Board for Architects, Professional Engineers and Land Surveyors.
The second question is whether the procedure employed by the Division of Purchasing in Request for Proposal No. B90514 utilizing the provisions in Chapter 34 were appropriate or whether the provisions of Sections 8.285 through 8.291 should have been used. Section 8.285, RSMo 1986, provides:
 It shall be the policy of the state of Missouri and political subdivisions of the state of Missouri to negotiate contracts for architectural, engineering and land surveying services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices.
Section 8.291 describes the procedure to be employed for the negotiation of a contract for a project using architectural, engineering, or land surveying services. Section 8.287 defines project as "any capital improvement project or any study, plan, survey or program activity of a state agency or political subdivision thereof, including development of new or existing programs."
We understand the contract in question resulting from Request for Proposal No. B90514 has already been awarded. Our office represents the State in any litigation that may arise as a result of such contract. Our opinion on the award of the specific contract in question at this time would not alter the award of this contract. With respect to future requests for proposals of a similar nature, our office upon request will provide guidance regarding our interpretation of the relevant statutory provisions. Therefore, we must respectfully decline to opine upon the second question you have posed as it relates to Request for Proposal No. B90514.
However, in an effort to provide guidance to you and the state agencies involved, enclosed herein is a copy of Missouri Attorney General Opinion Letter No. 22, Muckler, 1980. In this opinion letter, we stated:
 The expert witness services to which we refer are of a particularly unique character because such expert witnesses are a part of an attorney's case for which the attorney bears the professional responsibility. As a consequence, it is our view that the services of such expert witnesses were not and are not now subject to the requirements of the purchasing law.
To the extent the services procured are expert witness services, such services are not subject to the bid procedure of Chapter 34, RSMo, or the procurement procedure set forth in Sections 8.285 through 8.291, RSMo 1986.
In summary, it is the opinion of this office that the professional services described in Request for Proposal No. B90514 must be provided by an engineer or engineering firm licensed by the Missouri Board for Architects, Professional Engineers and Land Surveyors. In procuring expert witness services, such services are not subject to the bid procedure of Chapter 34, RSMo, or the procurement procedure set forth in Sections 8.285 through 8.291, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure:
Opinion No. 22, Muckler, 1980