W. James Icenogle Camden County Prosecuting Attorney P. O. Box 1085 Camdenton, Missouri 65020
Dear Mr. Icenogle:
This opinion is in response to your question asking:
 Must a person who purchased property at a third offering of delinquent lands by a county collector comply with the affidavit and/or notice provisions of Section 140.405 R.S.Mo. before he is entitled to receive a deed from the collector?
In the statement of facts accompanying your question, you state:
 A Missouri resident, hereinafter "purchaser", was the highest bidder for a parcel at a collector's tax sale. The property had been offered for sale by the collector for two consecutive years. The purchaser has demanded the issuance and delivery of a collector's deed as under the provisions of Section 140.405, R.S.Mo. The purchaser has filed no affidavit that a title search has revealed no publicly recorded deed of trust, etc., nor has he provided notice by certified mail to the holders of publicly recorded deeds of trust, etc., under the provisions of that statute.
There are two relevant statutory provisions which pertain to the third offering of tax delinquent lands by the county collector and the rights and/or requirements of the purchaser.
Section 140.250, RSMo 1986, provides in applicable part:
 140.250. Third offering of delinquent lands and lots — subsequent sale — collector's deed. — 1. Whenever any lands have been or shall hereafter be offered for sale for delinquent taxes, interest, penalty and costs by the collector of the proper county for any two successive years and no person shall have bid therefor a sum equal to the delinquent taxes thereon, interest, penalty and costs provided by law, then such county collector shall at the next regular tax sale of lands for delinquent taxes sell same to the highest bidder, and there shall be no period of redemption from such sales.
 2. No certificate of purchase shall issue as to such sales, but the purchaser at such sales shall be entitled to the issuance and delivery of a collector's deed upon completion of title search action as specified in section 140.405. [Emphasis added.]
* * *
Section 140.405, RSMo Supp. 1989, provides:
 140.405. Purchaser of property at delinquent land tax auction, deed issued to, when — loss of interest, when. — Any person purchasing property at a delinquent land tax auction, other than persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250, shall not acquire the deed to the real estate, as provided for in section 140.420, until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on the real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his publicly recorded security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in the real estate. [Emphasis added.]
Senate Bill No. 707, 82nd General Assembly, Second Regular Session (1984) (hereinafter "Senate Bill No. 707"), initially enacted Section 140.405 and amended Section 140.250. Section140.405 as initially enacted provided:
 140.405. Purchaser of property at delinquent land tax auction, deed issued to, when — loss of interest, when. — Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in section 140.420, RSMo, until he meets with the following requirement or until he makes affidavit that a title search has revealed no publicly recorded deed of trust, mortgage, lease, lien or claim on said real estate. At least ninety days prior to the date when he is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem his security or claim. Notice shall be sent by certified mail to any such person at his last known available address. Failure of the purchaser to comply with this provision shall result in his loss of all interest in said real estate. Laws of Missouri, 1984, page 432.
Senate Bill No. 707 amended subsection 2 of Section 140.250 by substituting "issuance and delivery of a collector's deed upon completion of title search action as specified in section140.405," for "immediate issuance and delivery of a collector's deed."
In 1987 House Bill No. 283, 84th General Assembly, First Regular Session (hereinafter "House Bill No. 283") amended Section 140.405 to insert the exception for "persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250." However, House Bill No. 283 did not amend Section 140.250 so that Section 140.250
remains the same as enacted by Senate Bill No. 707.
When construing statutes, the courts seek to ascertain the legislature's intent in enacting the measure and to give effect to the plain language of the statute viewed as a whole.A. B. v. Frank, 657 S.W.2d 625, 628 (Mo. banc 1983). It is a fundamental precept of statutory construction that the legislature acted with knowledge of the subject matter and the existing law. Holt v. Burlington Northern Railroad Company,685 S.W.2d 851, 857 (Mo.App. 1984). When the legislature amends a statute, changing its language, it is presumed to have intended the change to have some effect. Id. When the legislature has altered an existing statute, such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act. State v.Sweeney, 701 S.W.2d 420, 423 (Mo. banc 1985).
In 1984 when the legislature enacted Section 140.405 and amended Section 140.250, the apparent intent was to require a purchaser at a delinquent land tax auction to comply with the title search action as specified in Section 140.405. In 1987 when the legislature enacted the exception for "persons purchasing property at a third offering for which there is no period of redemption pursuant to section 140.250," the legislature must have intended that 1987 change to have some effect. The legislature should not be charged with having done a meaningless act in 1987. Therefore, we conclude that the 1987 amendment to Section 140.405 exempts purchasers of property at third offering tax sales from the requirements of Section140.405.
Under Section 140.250, there is no period of redemption from a third offering tax sale. Based on the 1987 amendment to Section 140.405 as discussed above, purchasers of property at third offering tax sales are exempt from the requirements of Section 140.405. Therefore, such purchasers of property at third offering tax sales are entitled to receive a collector's deed without awaiting any period of redemption and are exempt from the requirements of Section 140.405.
CONCLUSION
It is the opinion of this office that purchasers of property at third offering tax sales are entitled to receive a collector's deed without awaiting any period of redemption and are exempt from the requirements of Section 140.405, RSMo Supp. 1989.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General