**STATE of Missouri, Respondent,**

v.

**Ricky DOUGLAS, Appellant.**

**No. 60313.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 26, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Jeannie Arterburn, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Ricky Douglas, appeals from his plea of guilty to the charge of escape from confinement, RSMo § 575.210 (1978), for which he was sentenced to one year of imprisonment. We affirm.

On September 22, 1981, appellant was placed in St. Mary's Honor Center to finish serving a prison sentence for robbery in the first degree. On December 22, 1981, two detectives arrived at St. Mary's with an arrest warrant for appellant for the robbery of a Church's Chicken restaurant. A search of the institution was made to no avail and appellant was placed on escaped status.

On September 23, 1988, appellant was located serving time in prison in Illinois. A detainer was placed on appellant and, when he finished serving his sentence in Illinois, appellant was brought back to the State of Missouri to complete his sentence on the robbery conviction.

On March 30, 1990, appellant was charged by indictment with failure to return to confinement and an alternate charge of escape from confinement. On April 15, 1991, appellant pled guilty to the charge of escape and, on June 3, 1991, appellant was sentenced to one year in prison. This appeal followed.

■■■ Ordinarily, a plea of guilty consents to the judgment of the trial court and waives all defenses and errors. *State v. Newkirk,* 677 S.W.2d 905, 906 (Mo.App., E.D.1984). Where there is an attack on the jurisdiction of the trial court or the sufficiency of the indictment or information, however, a direct appeal from a plea of guilty is proper. *Id.*

■■■ Appellant first contends the indictment charging him with escape from confinement is defective because it failed to plead the exceptions necessary to remove the bar of the statute of limitations. We disagree.

RSMo § 556.036 provides, in pertinent part:

**556.036. Time limitations**

\* \* \* \* \* \*

2. Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:

(1) For any felony, three years;

\* \* \* \* \* \*

6. The period of limitation does not run:

\* \* \* \* \* \*

(2) During any time when the accused is concealing himself from justice either within or without this state.

The indictment in the present case states:

COUNT I

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 575.220, RSMo, committed the class D felony of

failure to return to confinement, punishable upon conviction under Sections 558.-011.1(4) and 560.011, RSMo, in that, on the 23rd day of December, 1981 in the City of St. Louis, State of Missouri, the defendant while serving a sentence of Robbery First Degree wherein he was temporarily permitted to go at large without guard, was at large without guard, under a requirement that he return to confinement, by 9 a.m. on said date, and knowing that he was required to return to St. Mary's Honor Center, Missouri Division of Corrections at said time and date, purposely failed to do so.

OR IN THE ALTERNATIVE
TO COUNT I

COUNT II

The Grand Jurors of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 575.210, RSMo, committed the class D felony felony [sic] of escape from confinement, punishable upon conviction under Section 558.011.1(4) and 560.011, RSMo, in that on the 22nd day of December, 1981 in the City of St. Louis, State of Missouri, the defendant, while serving a sentence after conviction for Robbery First Degree, escaped from confinement.

■ While it is true that exceptions to a statute which are not part of the statutory definition of the crime and which are contained in distinct and independent clauses of the statute, or even separate sections, need not usually be pled or proven by the state, *Williams v. State*, 437 S.W.2d 82, 86 (Mo.1969), Missouri law has clearly created an exception to this rule for statutes of limitations. When statutes of limitations are involved, "the prosecutor should allege the true date of the commission of the offense, and then set forth the facts which avoid the bar to the statute of limitations as an excuse for not having preferred the indictment sooner." *State v. Snyder*, 82 S.W. 12, 22 (Mo.1904). This represents not only Missouri law, but the law of the majority of the States. See Annotation, Necessity of Alleging in Indictment or Information Limitation—Tolling Facts, 52 ALR3d 922 (1973).

In the present case, the State failed to separately set out the facts supporting a tolling of the statute of limitations. However, we find the indictment sufficient. The indictment clearly alleges appellant escaped from confinement. Because an escaped prisoner is, by definition, a fugitive from justice, see *United States v. Bailey*, 100 S.Ct. 624, 636 n. 10 (1980), the indictment cited sufficient facts to warrant a tolling of the statute of limitations under RSMo § 556.036 (1978).

■ Appellant next contends he cannot be viewed as having concealed himself from justice because he was incarcerated in Illinois on May 7, 1986, and furnished his fingerprints to the Federal Bureau of Investigation at that time. Because the statute of limitations is not a statute of repose but creates a bar to prosecution which deprives a court of jurisdiction, see *State ex rel. Morton v. Anderson*, 804 S.W.2d 25, 27 (Mo. banc 1991), we have jurisdiction to review this claim.

■ Initially, we note appellant's imprisonment in Illinois is not relevant to whether he was fleeing from justice in Missouri. "A person can be fleeing from justice in one jurisdiction even though imprisoned in another." *United States v. Catino*, 735 F.2d 718, 722 (2nd Cir.1984). Nor is the fact authorities knew appellant's whereabouts outside the jurisdiction sufficient to start the statute of limitations running. *Catino*, 735 F.2d at 722. Instead, the statute is tolled until the defendant returns, or takes steps to return to the jurisdiction. *Id.*

■ In the present case, there is no evidence whatsoever that appellant attempted to end his fugitive status. Indeed, appellant gave Illinois authorities false information regarding his name and social security number in what was clearly an attempt to foil Missouri's attempts to locate him. We find the statute of limitations did not begin to run until appellant became available for prosecution in the State of Missouri. At the very earliest, this did not occur until

September 23, 1988, when this detainer was placed on appellant. Appellant's March 1, 1990, indictment was, therefore, well within the three year statute of limitations.

Affirmed.

REINHARD, P.J., and CRANE, J., concur.