STATE of Missouri, Appellant,

v.

Mark A. MEGGS, Respondent.

No. 21519.

Missouri Court of Appeals,
Southern District,
Division Two.

July 18, 1997.

Motion for Rehearing and Transfer
Denied Aug. 11, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, Brian Keedy, Asst. Pros. Atty., Camden County, Camdenton, for appellant.

Timothy R. Cisar, Lake Ozark, for respondent.

MONTGOMERY, Chief Judge.

This case involves § 577.023,[1] the statute that authorizes enhanced penalties for prior or persistent offenders who are found guilty or who plead guilty to a current charge of driving while intoxicated (DWI) or driving with excessive blood alcohol content (BAC) in violation of state law.

The issue is whether § 577.023 authorizes enhancement if the prior offense was a guilty plea to a DWI in violation of a municipal ordinance with the imposition of sentence being suspended. The trial court answered no and dismissed an information filed against Mark A. Meggs (Defendant). The State appeals pursuant to § 547.200.2. We reverse and remand.

The State filed an information charging Defendant with driving while intoxicated on May 28, 1996, in violation of § 577.010. The amended information charged Defendant as a prior offender because he had "entered a plea of guilty in the Warrensburg Municipal Court ... to driving while intoxicated in violation of a municipal ordinance for events occurring on November 11, 1995. Imposition of sentence was suspended.... The judge for the Warrensburg Municipal Court ... was an attorney and the defendant was represented by an attorney." The State elevated the charge from a class B misdemeanor to a class A misdemeanor based upon Defendant's prior guilty plea and relying on § 577.023.

In his motion to dismiss information, Defendant pointed out that the State's effort to enhance his punishment under § 577.023 was based solely on his prior plea to driving while intoxicated in violation of a municipal ordinance, with imposition of sentence suspended. Defendant's motion also asserted—correctly so—that § 577.023.14 does not specifically list a guilty plea with suspended imposition of sentence pursuant to a municipal ordinance as a prior conviction. Based on those facts, Defendant argued for dismissal of the information. After a hearing, the trial court sustained Defendant's motion.

The General Assembly enacted the present version of § 577.023 in 1993. Its pertinent provisions read:

1(1) An **"intoxication-related traffic offense"** is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing;

. . . .

1. Statutory references are to RSMo 1994, unless otherwise indicated.

1(3) A **"prior offender"** is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication-related traffic offense for which the person is charged.

2. Any person who plead guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a prior offender shall be guilty of a class A misdemeanor.

. . . .

14. Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and shall include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol. After hearing the evidence, the court shall enter its findings thereon. A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.

When the General Assembly enacts legislation, it often becomes the task of the courts to interpret the meaning of the statutory language and determine the intent to be ascribed to the language used. *Vice v. Thurston,* 793 S.W.2d 900, 905 (Mo.App.1990). Construction of a statute is a question of law, not judicial discretion. *Delta Air Lines, Inc. v. Director of Revenue,* 908 S.W.2d 353, 355 (Mo.banc 1995).

■ We approach the task of statutory interpretation mindful that it is the function of the courts to construe and apply the law and not to make it. *Dees v. Mississippi River Fuel Corp.,* 192 S.W.2d 635, 640 (Mo. App.1946). In construing statutes, our primary responsibility is to ascertain legislative intent from the language used, to give effect to that intent if possible, and to consider the

words used in their ordinary meaning. *Angoff v. M & M Management Corp.,* 897 S.W.2d 649, 652–53 (Mo.App.1995); *State v. Cox,* 836 S.W.2d 43, 46 (Mo.App.1992). The General Assembly is presumed to have intended what the statute says. Consequently, when the legislative intent is apparent from the words used and no ambiguity exists, there is no room for construction. *See State v. Evers,* 777 S.W.2d 344 (Mo.App.1989).

If § 577.023.14 is read in isolation—as Defendant insists we should do—it is at least arguable that no construction is necessary. As Defendant asserts, in enacting § 577.023.14, the legislature omitted guilty pleas with suspended sentence imposed under a municipal ordinance from the list of offenses that could be treated as evidence of a prior conviction. The language of that section is plain and definite. If § 577.023.14 stood alone, we would presume the legislature intended what it clearly said therein.

However, it is fundamental that a section of a statute should not be read in isolation from the context of the whole act. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). In interpreting legislation, "'we must not be guided by a single sentence . . ., but [should] look to the provisions of the whole law, and its object and policy.'" *Id.* at 11, 82 S.Ct. at 592. *See National Adver. v. Highway and Transp. Comm'n,* 862 S.W.2d 953, 955 (Mo.App.1993) (holding a statute must be viewed as a whole and read in its entirety).

■ When all provisions of § 577.023 are read together, it could be read differently by reasonably well-informed persons. Therefore, the statute is ambiguous. 2A Sutherland Stat Const § 45.02 at 6 (5th Ed 1992). This follows because § 577.023.14 does not list a guilty plea with suspended sentence imposed under a municipal ordinance as one that can be used as evidence to enhance punishment. On the other hand, there is clear and unmistakable language in § 577.023.1 and .2, stating that when a driver has previously been found guilty or pled guilty to a DWI offense in violation of a municipal ordinance, that fact may be used to enhance such driver's punishment if the mu-

nicipal judge was a lawyer and the accused was represented by lawyer.

Specifically, unambiguous language in § 577.023.1(1) states that a DWI in violation of a municipal ordinance is an "intoxication-related traffic offense." A person found guilty or who pled guilty to an "intoxication-related offense" in the past five years is defined in § 577.023.1(3) as a "prior offender." In § 577.023.2, provision is made for enhanced punishment for prior offenders. Consequently, from what the legislature said in each of these three sections, we discern that it intended to authorize the use of certain prior municipal court guilty pleas, whether or not sentence was imposed, to enhance punishment for a current "intoxication-related offense." However, on their face those sections cannot be reconciled with the legislature's failure to list DWI guilty pleas with suspended sentence imposed in municipal court as "prior convictions" under § 577.023.14.

Courts look beyond the plain and ordinary meaning of a statute when, as here, its meaning is ambiguous. *See Angoff,* 897 S.W.2d at 653 (citing *State ex rel. Maryland Heights Fire Protection Dist. v. Campbell,* 736 S.W.2d 383, 387 (Mo.banc 1987)). In such instance, rules or canons of construction exist to assist us in our task of ascertaining legislative intent. *Cox,* 836 S.W.2d at 46. Even so, "[t]he ultimate guide is the intent of the legislature; the other rules of construction

may be considered merely as aids in reaching that result; and the purpose and object of the legislation should not be lost sight of." *Edwards v. St. Louis County,* 429 S.W.2d 718, 722 (Mo.banc 1968).

Where there is genuine uncertainty concerning the application of a statute, it is fitting that we consider the statute's history, surrounding circumstances, and examine the problem in society to which the legislature addressed itself. *Angoff,* 897 S.W.2d at 653. Moreover, we are guided by the principle that the General Assembly is presumed to be aware of existing declarations of law and the construction of existing statutes when it enacts a law on the same subject. *Cox,* 836 S.W.2d at 46.

Section 577.023 is clearly a legislative effort to address a matter of serious public concern, the repeat DWI offender. *See State v. Zoellner,* 920 S.W.2d 132, 135 (Mo.App. 1996). "Clearly, the purpose of this statute [§ 577.023] is to deter prior DWI offenders, whether convicted in municipal or state court, from repeating the offense and 'to severely punish those who ignore the deterrent message.'" *Id.* (quoting *A.B. v. Frank,* 657 S.W.2d 625, 628 (Mo.banc 1983)).

The original form of Missouri's law authorizing enhanced punishment for prior alcohol-related traffic offenders was § 577.023, RSMo Supp.1982.[2] It was promptly replaced by a revised § 577.023 enacted by the General Assembly effective September 28, 1983.[3]

---

**2.** The 1982 version of § 577.023 provided for enhancement of penalty to a term of imprisonment for second and subsequent offenses. Sections 577.023.2, RSMo Supp.1982 and 577.023.14 read the same except for the last sentence. The last sentence of § 577.023.2, RSMo Supp.1982 reads: "A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated *where the defendant was represented by counsel* or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction." (Emphasis added.) The italicized language is not in § 577.023.14.

**3.** The 1983 version of § 577.023 declared that a person who pled guilty or was found guilty of DWI or BAC would be guilty of class A misdemeanor if proven to be a "prior offender."

§ 577.023.2. A prior offender was defined as a person convicted of "an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction." § 577.023.1(3). An "intoxication-related traffic offense" was defined as DWI or BAC or "driving under the influence of alcohol or drugs in violation of *state law.*" § 577.023.1(1). (Emphasis added.) Section 577.023.13, RSMo Supp.1983 is identical to § 577.023.14 except for the last sentence. We quote the 1983 version: "A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction; *except that no conviction of a violation of a municipal or county ordinance in a municipal or county court may be used to enhance a term of imprisonment in any*

The interpretation of the 1983 law by the Supreme Court in *Frank* included this holding:

> Because the legislature has chosen to base § 577.023 [RSMo Supp.1983] on prior violations of *state* law, but has omitted violations of municipal or county ordinances from the scope of its coverage, one cannot be convicted as a prior ... offender under the revised statute on the basis of municipal ... convictions for drunken driving.
>
> ....
>
> [T]he provisions of subsection 13 are for, the purposes here involved, internally discordant. Yet it is possible to effectuate the underlying legislative intent of the statute by construing the statute to exclude municipal convictions from consideration for enhancement under § 577.023.

657 S.W.2d at 628–29.

In 1991, the General Assembly again amended § 577.023. This time it specifically *included* violation of municipal ordinances for driving while intoxicated in its definition of "intoxication-related traffic offense[s]." [4] The 1991 enactment also deleted language found in subparagraph 13 of the 1983 law that prohibited the use of convictions in municipal courts to enhance a term of imprisonment. [5] In 1993, the legislature amended § 577.023 once again but left unaltered the language that we must interpret.

From this history, we presume that the legislature was aware of the *Frank* decision when it amended the statute in 1991 and 1993 and that it intended the amendment to have some effect. *See Tunstill v. Eagle Sheet Metal Works,* 870 S.W.2d 264, 271 (Mo. App.1994). By these amendments, the legislature broadened its definition of "intoxication-related traffic offense" to include DWI or BAC offenses in violation of municipal ordinance, thus giving special meaning to that phrase. Generally, where a phrase or term is specially defined by statute such particular definition is binding upon the court

and must be given effect. *St. Louis Country Club v. Administrative Hearing Comm'n,* 657 S.W.2d 614, 617 (Mo.banc 1983). Sutherland § 47.07 at 152. In § 577.023.1(1), the legislature has defined "intoxication-related traffic offense" so as to give very special meaning to the phrase "prior offender." By legislative definition, a person can be a "prior offender" for purposes of punishment enhancement under § 577.023 by pleading guilty to a DWI in violation of a municipal ordinance whether or not sentence was imposed. *See State v. Acton,* 665 S.W.2d 618 (Mo. banc 1984) (stating that the lack of imposition of sentence is immaterial under § 577.023 which is a statute punishing a repeat offender's prior conduct whether or not a sentence is imposed). Subparagraph 14 purports to deal only with prior *convictions,* whereas §§ 577.023.1(1), 577.023.1(3), and 577.023.2 deal with *prior violations of state law or municipal ordinances.* The language used in the latest enactments of § 577.023 is very broad. It surely is designed to deter prior DWI or BAC offenders, whether the prior offenses be in violation of municipal ordinance or state law, from repeating the offense and "to severely punish those who ignore the deterrent message." *See Frank,* 657 S.W.2d at 628.

Defendant points out that § 577.023 is a penal statute and that ordinarily such statutes must be strictly construed against the State. *See State v. Stewart,* 832 S.W.2d 911 (Mo.banc 1992). Relying on *Stewart,* Defendant argues that although municipal convictions and municipal guilty pleas are broadly included in the definition of "intoxication-related traffic offense," they are limited in their use by paragraph 14. Accordingly, Defendant maintains we should affirm the trial court's dismissal of this information. We disagree.

◼ The rule that a penal statute should be strictly construed is a rule of construction,

*subsequent proceeding."* (Emphasis added.) The legislature removed the language in italics in its 1991 enactment and left it out of the 1993 statute.

**4.** The only municipal ordinance violations included are those in which the municipal judge

was a lawyer and the person charged had a lawyer or waived his or her right to a lawyer.

**5.** In addition, the 1991 version of § 577.023 was renumbered so that the remainder of what had been subsection 13 became subsection 14 in the 1991 law.

not a rule of law. The chief aim of all statutory construction is to discern the intent of the legislature, and "the rule of strict construction does not require such a strained or narrow interpretation of the language as to defeat that intent." *Cook v. Burke,* 693 S.W.2d 857, 861 (Mo.App.1985). All statutes, including penal statutes dealing with punishment enhancement, are to be "given that interpretation which corresponds with the legislative objective and, where necessary, the strict letter of the statute must yield to the manifest intent of the legislature." *State v. Williams,* 693 S.W.2d 125, 127 (Mo.App. 1985). Here, the strong indication of legislative intent and policy overrides the rule that penal statutes are to be strictly construed.

The trial court erred in dismissing the information against Defendant because the State properly alleged that he was a prior offender under § 577.023.

The order of dismissal is reversed, and the cause is remanded for further proceedings.

SHRUM and BARNEY, JJ., concur.